UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| GAYNELL A. TURNMIRE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-311-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Gaynell Turnmire (Turnmire) and Defendant Jo Anne Barnhart, Commissioner of Social Security (the Commissioner). [Record Nos. 8 and 9] Through this action, Turnmire seeks to reverse the decision of an administrative law judge (ALJ) concluding that she was not entitled to a period of disability and disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Turnmire.

**I.     BACKGROUND**

Turnmire filed an application for disability insurance benefits on July 3, 2003. This claim was denied initially and upon reconsideration. Thereafter, Turnmire requested a hearing before an ALJ. On October 12, 2004, an administrative hearing was conducted before ALJ Andrew J. Chwalibog. During the hearing, the ALJ heard testimony from Turnmire and Dr. Dean Owen,

-1-

a vocational expert (VE).  Thereafter, the ALJ issued a decision denying benefits to Turnmire. [Transcript (Tr.), pp. 14-20]  The ALJ concluded that Turnmire retained the residual functional capacity to perform her past relevant work.  [Tr., p. 20]  Turnmire's request for review was denied by the Appeals Council on August 29, 2005.  [Tr., pp. 4-6]

At the time of the hearing, Turnmire was a 57-year-old individual with a GED education.[1] [Tr., p. 223]  She has past work experience as a secretary and a deli worker.  [Tr., p. 92] Turnmire alleges a disability beginning June 22, 2002, due to residual pain/swelling from bilateral heel fractures resulting in the inability to stand/sit for extended periods of time, arthritis, and high blood pressure.  After review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Turnmire had the residual functional capacity to perform her past relevant work.  Specifically, the ALJ found that Turnmire was capable of the following:

> lift and/or carry up to twenty pounds occasionally and ten pounds frequently.  She is able to stand/walk with normal breaks about six hours out of eight.  She is able to sit six hours out of eight.  She should only occasionally operate foot controls with the right lower extremity and should never climb ladders or scaffolds.  She should not be required to walk over uneven terrain.

[Tr., p. 20]  Based on these findings, the ALJ concluded that Turnmire was not disabled within the meaning of the Social Security Act and regulations. [Tr., p. 20]

## II.    LEGAL STANDARD

---

[1] The ALJ stated that Turnmire had a "limited" ninth grade education.  Although the record reflects that the Claimant dropped out of school after the ninth grade, she testified that she later received her GED. This discrepancy does not affect the ALJ's disability determination inasmuch as he concluded, based on a lower education level, that Turnmire was capable of performing her past relevant work and was not disabled as defined by the Social Security Act.

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and*

*Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.   ANALYSIS

Turnmire raises one issue in this action: she argues that the ALJ failed to take into consideration the lay witness testimony of a non-medical source as required by 20 C.F.R. § 404.1513(d)(4). Specifically, Turnmire notes that, the ALJ's decision failed to indicate whether he considered the report of her employer, Carolyn Cantrell. [Tr., pp. 90-91] Ms. Cantrell wrote in her report that Turnmire was terminated on July 27, 2003, due to an inability to stand or walk for more than a short period of time. In response, the Commissioner asserts that an ALJ need not discuss every piece of evidence in order for the decision to be supported by substantial evidence in the record.

In *Higgs v. Bowen*, 880 F.2d 860 (6th Cir. 1988), the Sixth Circuit held that the Appeals Council did not err by failing to "spell out' in its opinion the weight it attached to lay witness

testimony where the Appeals Council stated in its opinion stated that it "considered the entire record which was before administrative law judge, including the testimony at the hearing."

In the instant case, ALJ Chwalibog stated in his decision that "[a]fter careful consideration of the entire record," he could not conclude that Turnmire was disabled. [Tr., pp. 19-20] While Turnmire acknowledges the *Higgs* decision, she argues that it is not dispositive of the issue because the regulations have been modified "to include a clearer statement about the consideration of evidence from sources other than 'acceptable medical sources.'" [Record No. 4, p. 4] In response, the Commissioner asserts that while *Higgs* was decided prior to the clarification of the regulations in 2000, it remains good law.

The regulations provide, in relevant part, that "[i]n addition to evidence from the acceptable medical sources . . . [the SSA] *may* also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work . . . ." *See* 20 C.F.R. 416. 913(d) (emphasis added).[2] The language of the regulations is permissive. Thus, an ALJ is not required to consider lay witness or other non-medical source to determine a claimant's capacity to work.

In *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983), the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where . . . it is fully supported by the reports of the treating physicians." In the instant case, Ms. Cantrell stated in her report that, "Mrs. Turnmire's physical condition prevents her from standing

---

[2]   Although the SSA clarified the regulations in 2000, the agency did not amend the regulations to provide that ALJs were required to consider and discuss a non-medical sources' opinion when it is contrary to, or inconsistent with, the medical evidence of record.

except for very short periods of time. Her ability to walk has been severely affected by her condition with her feet." [Tr., p. 91] Ms. Cantrell's report is dated August 8, 2003, and her statements contained therein are in contradiction to the findings of the Claimant's treating physician, Dr. David Jenkinson who last examined Turnmire in June of 2003. [Tr., p. 164] Dr. Jenkinson first examined Turnmire two days following her accident and his progress notes reflect that her condition consistently improved following the June 2002 injury. [Tr., pp. 264-171] Notably, in June 2003, Dr. Jenkinson indicated that Turnmire was having "no trouble" with her left foot and had only "mild" generalized swelling and some decrease in motion in the right foot. [Tr., p. 164] Given that Ms. Cantrell's statements are not supported by the objective medical evidence of record, the ALJ was not required to specifically address them.

## IV. CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, the Court finds that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Claimant's Motion for Summary Judgment [Record No. 8] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 9] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 23rd day of March, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge